**Ralph EDWARDS, President, National Federation of Federal Employees 1963, on Behalf of Carl NAGEL, Plaintiffs,**

v.

**DEPARTMENT OF THE ARMY and Automated Logistics Management Systems Activity, Defendants.**

**No. 82–97C(3).**

United States District Court,
E. D. Missouri, E. D.

Aug. 6, 1982.

Frederick M. Steiger, Watkins & Steiger, St. Louis, Mo., for plaintiffs.

Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

FILIPPINE, District Judge.

This matter is before the Court on its own motion to reconsider its order of August 3, 1982, granting defendants' motion for summary judgment. Due to no fault of plaintiffs, the Court's order was issued before plaintiffs had filed their memorandum in opposition to the motion of defendants. The Court has received plaintiffs' memorandum and has carefully re-examined its order in light of it. After careful consideration of the matter, however, the Court reaffirms its ruling in the order of August 3, 1982.

Plaintiffs first argue that the nature of defendants' motion actually places it within the purview of Fed.R.Civ.P. 12(b) rather than Fed.R.Civ.P. 56. As such, plaintiffs argue, the contentions raised in the motion are untimely as the motion was filed after defendants filed their answer. However, Fed.R.Civ.P. 12(h)(3) allows the Court or the parties to raise the contention that the Court lacks subject matter jurisdiction at any point in the proceedings. In short, this is a defense that is never waived.

Second, plaintiffs argue that plaintiffs' administrative complaint was cancelled by defendants pursuant to Federal Personnel Management Letter 713-21 (FPM 713-21), and because FPM 713-21 was rescinded in January, 1981 plaintiffs' failure to exhaust administrative remedies should be excused. The record in this case, however, discloses that defendant ALMSA's EEO officer cancelled plaintiffs' administrative complaint pursuant to 29 C.F.R.

§ 1613.212 *et seq.*, not FPM 713.21. No mention is made of FPM 713–21 in ALM-SA's letter of final agency decision, cancelling plaintiffs' administrative complaint. Defendants' Exhibit 10. ALMSA's EEO officer simply cancelled the complaint pursuant to 29 C.F.R. § 1613.212 *et seq.*, as required by the directives issued to agency EEO officers. *See, e.g.*, Plaintiffs' Exhibits 2, 3. Finally, this case is nearly identical to *Dixon v. Marshall*, 27 Fair Empl.Prac.Cas. 1656 (D.D.C.1979), in which the Court dismissed a claim for lack of subject matter jurisdiction after plaintiff's administrative complaint regarding the absence of an affirmative action plan had been cancelled pursuant to 5 C.F.R. § 1613.212 *et seq.* (the forerunner of 29 C.F.R. § 1613.212 *et seq.*).

Plaintiffs' third and fourth arguments go to the merits of plaintiffs' alleged cause of action. The Court, however, need not, and indeed cannot, address these contentions inasmuch as it finds it is without subject matter jurisdiction in this matter. Accordingly the Court expresses no opinion on the actual merits of plaintiffs' complaint.

In accordance with the foregoing,

IT IS HEREBY ORDERED that the motion for reconsideration be and is DENIED.

IT IS FURTHER ORDERED that the Court's order of August 3, 1982, granting defendants' motion for summary judgment shall remain in full force and effect.