Ralph **EDWARDS**, President, National Federation of Federal Employees Local 1763, on behalf of Carl Nagel, Appellants,

v.

**DEPARTMENT OF THE ARMY and Automated Logistics Management Systems Activity, Appellees.**

No. 82–1982.

United States Court of Appeals, Eighth Circuit.

Submitted June 3, 1983.

Decided June 8, 1983.

Thomas E. Dittmeier, U.S. Atty., Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for appellees; Peter B. Lowenberg, Dept. of the Army, Office of Judge Advocate Gen., Washington, D.C., Robert Garfield, Dept. of the Army, JAGC, St. Louis, Mo., of counsel.

Clayton, Karfeld & Steiger, Frederick M. Steiger, St. Louis, Mo., for appellants.

Before BRIGHT, ROSS and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

Appellant Ralph Edwards is president of the National Federation of Federal Employees, Local 1763, with its offices in the City of St. Louis, State of Missouri. He is acting in this cause at the request and with the consent of appellant Carl Nagel, who is a physically handicapped, 30% disabled war veteran. Mr. Nagel was employed at all relevant times by defendant Department of the Army at defendant Automated Logistics Management Systems Activity in the City of St. Louis. On April 3, 1981, Carl Nagel along with his designated representative, Ralph Edwards, registered his complaint with an Equal Employment Opportunity counsel, Ms. Dorothy Howard. Nagel's complaint alleged that he was a disabled veteran and that the failure of the Automated Logistics Management Systems Activity to provide an affirmative action plan for disabled veterans had a detrimental effect on his opportunities for promotion and advancement. On April 23, 1981, Nagel was provided with a twenty-one (21) day letter notifying him of his right to a formal complaint of discrimination based upon the charges made to Ms. Howard. On April 27, 1981, Nagel filed his formal complaint with the EEOC which stated in part that the:

> Failure of the activity to provide an affirmative action plan for the hiring, placement and advancement of disabled veterans and Viet Nam era veterans has resulted in overt discrimination against Mr. Nagel.

Thereafter, a course of correspondence ensued between Edwards and Ms. Judith Montage, the assigned EEO officer. In a letter dated May 11, 1981, Ms. Montage requested that Edwards provide more specific information regarding the allegations contained in the formal discrimination complaint. She explained her role at that stage of the administrative process and cited the regulations concerning the acceptance, rejection and cancellation of complaints. She asked Edwards and Nagel to identify "any specific act or acts of discrimination" and the dates the acts occurred, to assist her in determining whether the complaint had been filed in a timely manner. Finally, she offered to meet with Edwards and Nagel to help them amend the complaint.

Edwards' response of May 11, 1981, did provide additional information relating to the timeliness of the complaint. He did not include any information as to specific acts of discrimination. He wrote that he considered the request for specifics to be "harassment and interference * * * directed toward NFFE Local 1763." He also questioned Ms. Montage's authority to request more specific information.

On May 22, 1981, Ms. Montage sent three letters to Edwards. The first explained that the authority to request more specific information is inherent in the authority to accept, reject or cancel an EEO complaint. The second letter addressed Edwards'

harassment allegation and set out in detail the procedure for bringing a formal harassment charge. In the third letter Ms. Montage rejected Nagel's complaint, explaining:

> Your letter dated May 11, 1981, established that Mr. Nagel's complaint is timely. The record also reflects that NFFE Local 1763 was counseled on this allegation. *However, the applicable EEO Regulations contemplate the acceptance of allegations of discrimination personal to the complainant* (non-selection, disciplinary action, failure to train or provide developmental assignments, etc.). The allegation that this Activity has failed to provide an Affirmative Action Program Plan for the disabled veterans and Vietnam Era Veterans *is not an allegation of discrimination personal to Mr. Nagel. Mr. Nagel's complaint is, therefore, not within the purview of the regulations and is, accordingly, rejected.*

(Emphasis ours.) Nagel appealed this decision to the EEOC, which affirmed the dismissal.

Nagel brought the instant action in United States District Court [1] pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16. The defendants moved for a summary judgment on the grounds that the complaint failed to state a cause of action and that the court lacked subject matter jurisdiction due to Nagel's failure to exhaust administrative remedies. On August 6, 1982, the court entered summary judgment for the defendants.[2] 545 F.Supp. 328. Nagel appeals the district court judgment. We affirm.

It is well settled that administrative remedies must be fully exhausted before jurisdiction vests in the federal courts. *Sampson v. Civiletti,* 632 F.2d 860, 862 (10th Cir.1980); *Jordan v. United States,* 522 F.2d 1128 (8th Cir.1975). The policies underlying the exhaustion requirement are fully discussed in *First National Bank of St. Charles v. Board of Governors,* 509 F.2d 1004 (8th Cir.1975). There we held:

The underlying principle of this doctrine [exhaustion of administrative remedies], as expressed in *United States v. Tucker Truck Lines, Inc.,* 344 U.S. 33, 37 [73 S.Ct. 67, 69, 97 L.Ed. 54] (1952), is that "[s]imple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only erred but has erred against objection made at the time appropriate under its practice." *See generally* 3 K. Davis, Administrative Law Treatise, §§ 20.01–.09 (1958 and 1970 Supp.). To allow the bypass of agency expertise would be inefficient and would undermine Congressional intent. *Far East Conference v. United States,* 342 U.S. 570, 574–575 [72 S.Ct. 492, 494–95, 96 L.Ed. 576] (1952). *See also McGee v. United States,* 402 U.S. 479, 484 [91 S.Ct. 1565, 1568–69, 29 L.Ed.2d 47] (1971); *McKart v. United States,* 395 U.S. 185, 194–195 [89 S.Ct. 1657, 1662–63, 23 L.Ed.2d 194] (1969).

*Id.* at 1007.

In the case before us, Nagel contends that he exhausted his administrative remedies by pursuing his claim all the way to the EEOC, where it was finally dismissed. The thrust of his argument is that his complaint was timely, and this, combined with his adherence to Title VII procedures, renders the cause ripe for review in the court. In his determined focus on procedural "trees," Nagel has lost sight of the substantive "forest." Exhaustion of administrative remedies encompasses more than just going through the motions. It is true that one function of the specificity requirement is to allow the EEO officer to determine whether a complaint is timely. Nagel correctly points out, however, that the timeliness issue is not the paramount consideration in cases of this type. "Filing a timely charge of discrimination with the EEOC is not a

---

1. The Honorable Edward L. Filippine, United States District Court for the Eastern District of Missouri.

2. The court granted summary judgment on the exhaustion ground and did not address the issue of failure of the complaint to state a cause of action.

jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982).

■ The second purpose of the exhaustion requirement is far more crucial. Without an allegation of discrimination personal to the Title VII complainant, the agency cannot render a decision on the merits. It is particularly important that the agency develop a record and have the opportunity to exercise its discretion, to apply its expertise, and, possibly, to discover and correct its own errors. In *Johnson v. Bergland,* 614 F.2d 415 (5th Cir.1980), a Title VII complainant resorted to the administrative process, but his administrative complaint was vacated because he failed to make his generalized discrimination charge more specific. The court found that the plaintiff's suit was properly dismissed for failure to pursue and exhaust administrative remedies. The court explained:

> The administrative complaint procedures must be complied with. If they are, and an adverse decision is rendered on the merits of a complaint, then a complainant is entitled to a *de novo* hearing in federal court. However, if the agency does not reach the merits of the complaint because the complainant fails to comply with the administrative procedures the Court should not reach the merits either. Otherwise, the complainant might be dilatory at the administrative level, knowing that he can get into federal court anyway. *See Ettinger v. Johnson,* 518 F.2d 648 (3rd Cir.1975).

*Id.* at 417–418.

Similarly, in *Dixon v. Marshall,* 27 F.E.P. Cases 1656 (D.D.C.1979), the plaintiff complained that the Department of Labor's failure to provide an affirmative action plan constituted discrimination on the basis of race. The agency's EEO office rejected plaintiff's claim as not within the purview of the regulations. The court in dismissing plaintiff's claim for lack of subject matter jurisdiction held that

> [p]laintiff's complaint of an inadequate affirmative action plan * * * is a general allegation * * * and is not within the purview of the Civil Service regulations, 5 C.F.R. §§ 713.212 et seq. [the forerunner of 29 C.F.R. § 1613.212]. Consequently, 42 U.S.C. § 2000e–16, parts (c) and (d) do not provide this court with jurisdiction over this claim.

■ In the present case, the record clearly shows that Nagel, for whatever reason, failed to provide the EEO officer with the information she needed to take any meaningful action on his complaint. His general allegation of discrimination was therefore not within the purview of 29 C.F.R. § 1613.212. Exhaustion means just that. Nagel managed to travel the entire administrative route without ever making a concrete allegation.[3] In light of this, the district court correctly entered summary judgment. The judgment of the district court is affirmed, 545 F.Supp. 328.

---

3. Appellees argue that Nagel's complaint fails to state a claim upon which relief can be granted. Though we do not address the merits of Nagel's claim, we stress that a specific allegation of discrimination personal to the plaintiff is a necessary element to state a cause of action under Title VII. A review of the record and briefs in this case reveals no such allegation.