**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DOLORES A. VELTEN,
Plaintiff-Appellant,

v.

JESSE BROWN, Secretary, Department
of Veterans Affairs; D. MARK

CATLETT; ALLAN LOUIS DRUCKER;
RAY SNOW; ROBERT J. WOODS,
Commissioner, Federal
Telecommunications Services;
SHERMAN NAIDORF,
Defendants-Appellees.

No. 97-2123

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frank A. Kaufman, Senior District Judge.
(CA-96-935-K)

Submitted: May 29, 1998

Decided: September 2, 1998

Before NIEMEYER, WILLIAMS, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Linda Koerber Boyd, SCHWARTZ, BOYD & METZ, P.A., Balti-
more, Maryland, for Appellant. Lynne A. Battaglia, United States

Attorney, A. David Copperthite, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dolores A. Velten appeals from the district court's grant of summary judgment in favor of the Defendants in her Title VII action alleging gender discrimination and retaliation. Finding no error in the district court's order, we affirm.

This Court reviews a grant of summary judgment de novo. See Higgins v. E. I. DuPont de Nemours & Co., 863 F.2d 1162 (4th Cir. 1988). Summary judgment is properly granted when there are no genuine issues of material fact and when the record, taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences are to be drawn in favor of the non-moving party. See Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980).

Velten filed a charge of discrimination with the EEOC, alleging that she was subject to gender and reprisal discrimination during her employment with the Veterans' Administration ("VA"). The VA offered Velten a unilateral promise of full relief, providing her with fifteen days in which to respond. At the end of this time period, Velten rejected the offer and issued a counter-offer which the VA rejected. Given Velten's rejection, the ALJ remanded Velten's case to the agency with instructions to dismiss it as moot. Velten claims that prior to the expiration of the fifteen-day consideration period, the VA orally withdrew the unilateral promise. She therefore contends that there was no viable offer at the time of her "rejection" and that dismissal of her claim on that basis was improper.

2

A federal employee is required to exhaust administrative remedies prior to commencement of suit for employment discrimination. If the employee rejects a settlement offer for full relief, she has not exhausted her remedies and therefore may not bring suit under Title VII. See 29 C.F.R. § 1613.220(b) (1997); see also Francis v. Brown, 58 F.3d 191, 193 (5th Cir. 1995). Because Velten will bear the burden of proof on this issue at trial, she must offer verified evidence that the VA withdrew its offer in order to survive the VA's motion for summary judgment. See Celotex, 477 U.S. at 322-24 (1986). The joint appendix contains no such evidence. In addition, even if Velten's claims were before the court, the court properly concluded that they failed as a matter of law. Accordingly, we affirm the district court's grant of summary judgment in favor of the VA. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED