Manuel MUNOZ, Jr., and Jesus G. Munoz, Plaintiffs–Appellants,

v.

Edward C. ALDRIDGE, III, Secretary of the United States Dept. of the Air Force, Defendant–Appellee.

No. 89–5531.

United States Court of Appeals, Fifth Circuit.

Feb. 28, 1990.

---

Steven M. Angel, Oklahoma City, Okl., for plaintiffs-appellants.

Drake Cutini, Judith F. Ledbetter, Robert S. Greenspan, Dept. of Justice, Civ. Div., Washington, D.C., for defendant-appellee.

Before LIVELY,* JOLLY, and DUHÉ, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this Title VII class action case the plaintiffs, two civilian employees of the air force, appeal the district court's grant of summary judgment to the defendant air force. Despite the fact that this case has languished in the administrative proceeding phase for over three years, the district court found that the plaintiffs had failed to exhaust their administrative remedies, and that plaintiff Manuel Munoz's individual claim was both untimely and barred by *res judicata*. Because the district court's conclusion that the plaintiffs failed to exhaust their administrative remedies contradicts the plain language of Title VII's implementing regulations and there is no evidence that the plaintiffs frustrated the administrative process, we hold that this conclusion is erroneous. Furthermore, because we also hold that the district court erred in concluding that Manuel Munoz's claim was barred by the statute of limitations and *res judicata*, we reverse the grant of summary judgment.

I

The plaintiffs, brothers Manuel and Jesus Munoz, are civilian employees of the air force who work at the Air Logistics Center at Kelly Air Force Base in San Antonio, Texas. They are both Mexican–American males. On May 25, 1982, they and two other male Mexican–American civilian employees at the base complained to the base EEO counselor about systematic discrimination in promotion against Hispanic males and stated that they wished to pursue a class complaint on this basis. On May 28, pursuant to the EEOC regulations governing class complaints by federal employees, 29 C.F.R. § 1613 subpart F (1989), they filed a written informal complaint alleging that Mexican–American males were subject to discrimination in promotion above grade level GS–11 because of their national origin.

Their complaint challenged promotion and selection practices at the base, including various appraisal, awards and performance evaluation systems. They sought to represent a class of "male Americans of Mexican descent who are past, present or prospective employees of the San Antonio Air Logistics Center, and who have endeavored, or will endeavor to obtain a position, as employees, at the grade level of GS–11 and above." As specific instances of alleged discrimination, Manuel Munoz listed his nonselection for a GS–12 supervisory production-controller position in March 1982, and Jesus Munoz listed his nonselection as a GS–11 supervisory production-controller in April 1982.

An air force EEO counselor at the base reviewed the informal complaint and determined that, for several reasons, the plaintiffs were inappropriate class representatives. He specifically found that Manuel was an inappropriate representative because his claims were identical to those in seven previous unsuccessful administrative complaints he had filed. He recommended that no relief be provided. All four complainants then filed formal complaints with

* Circuit Judge of the Sixth Circuit, sitting by designation.

the EEO counselor, which were forwarded, along with the counselor's report, to a regional EEOC complaints examiner in Houston, pursuant to the applicable regulations. *See* 29 C.F.R. § 1613.604(a). The complaints examiner recommended that the air force accept the complaint but that only the Munozes be accepted as class representatives. On April 8, 1983, the air force accepted the examiner's recommendation and defined the class as:

> all Hispanic male employees GS–9 to GS–14 at the San Antonio Air Logistics Center ("SA–ALC") who, on or after February 26, 1982, were eligible for promotion to positions at grade GS–11 and above at SA–ALC which are covered by merit promotion certificates produced by the central civilian personnel office at SA–ALC.

The complainants appealed the air force decision to the EEOC in Washington, seeking acceptance of all four individuals as class representatives and a broader class definition that would include lower grade employees whom they perceived had been discriminatorily excluded from the promotion system. *See* 29 C.F.R. § 1613.631. On February 8, 1984, the EEOC office of review and appeals issued its final ruling approving the definition of the class which the air force had accepted and denying the other two individuals' motions to be made class representatives. The office notified the plaintiffs that, pursuant to 29 C.F.R. § 1613.641, they had thirty days to challenge this decision in court. No challenge was brought.

In March 1984, the air force began notifying potential class members that the suit existed and gave them the opportunity to opt out. An EEOC hearing examiner was appointed in April 1984. The parties met with the hearing examiner in late May 1984 and agreed to a tentative schedule for completion of administrative discovery (which the examiner anticipated would take approximately sixty days), an administrative hearing, and dates by which each party would tender prospective witness lists. Discovery continued through the rest of 1984 and the first five months of 1985. The plaintiffs made six principal requests for production and answers to interrogatories, in response to which the air force produced a large quantity of employment data and made available for inspection by the plaintiffs what it described as "thousands of pages of documents."

The plaintiffs' discovery requests produced an unexpectedly large quantity of data; this caused delay. In order to expedite the process, the hearing examiner took an active role. He directly contacted subordinate air force personnel without notifying the air force's attorney. The air force counsel protested this ex parte contact and informed EEOC headquarters of the examiner's actions. The examiner denied acting improperly, but at his own request was transferred from the case in May 1985. At about the same time the plaintiffs, whose attorney was overwhelmed by the task of reviewing the discovery documents, obtained different counsel. Apart from the change of counsel and the change of hearing examiner, the administrative record reveals no action taken by, nor any correspondence between the parties after early May 1985. The plaintiffs filed their complaint in district court on November 11, 1985, which halted the administrative process.

The plaintiffs' court complaint alleges both individual and class claims of discrimination against male employees of Mexican–American national origin and challenges the defendant's promotion system. It seeks to represent a class of "all present, past and future male employees of Mexican American national origin who are employed, or might be employed, by Defendant, who have been and continue to be or might be adversely affected by the practices complained of."

The defendant moved for dismissal on February 24, 1986. The air force argued that the plaintiffs were attempting to evade the administrative process (by filing a court complaint) in order to obtain a larger class than had been permitted in the administrative proceedings. It also contended that Manuel Munoz's administrative complaint was untimely and that his claim was further barred by *res judicata*, based

on his three prior unsuccessful suits in federal court. On March 17, 1986 the plaintiffs sought class certification. On that date the plaintiffs' attorney also submitted an affidavit stating that the former hearing examiner had warned him that the air force had sought the examiner's removal because he had supported aggressive discovery requests by the plaintiffs. In response to defendant's motion to dismiss, the plaintiffs argued that their filing in federal court was necessitated by the air force's "improper manipulation of the administrative process." On April 8, 1986, the district court ordered that the motion for class certification be held in abeyance until the defendant's motion to dismiss could be ruled upon. On February 8, 1989, the court granted the defendant's motion to dismiss, holding that the plaintiffs had "not exhausted their administrative remedies properly," and that Manuel Munoz's individual claims were untimely and were barred by *res judicata*. The plaintiffs filed a timely notice of appeal on February 28, 1989.

## II

The district court dismissed the plaintiffs' class complaint because they had failed to exhaust their administrative remedies "properly." The plaintiffs, however, had spent far longer in the administrative phase than the 180 days required by the statute. Although exhaustion does require good faith participation in the administrative process, the administrative record here does not disclose that the plaintiffs failed to cooperate or that the lack of progress in the administrative proceedings was otherwise attributable to them. The district court's dismissal for failure to exhaust was thus erroneous and must be reversed. The district court also dismissed Manuel Munoz's individual claims as untimely filed and, further, as barred by *res judicata*. The air force never raised the issue of timeliness throughout the nearly four years that the administrative proceedings continued, and we conclude that it is barred from doing so now. Manuel Munoz's prior individual claims were based on different instances of alleged discrimination, and

thus cannot be a basis for dismissal under the doctrine of *res judicata*.

### A.

The Munozes argue on appeal that they have exhausted their administrative remedies because the time period required under 42 U.S.C. § 2000e *et seq.* for pursuit of administrative remedies has passed, providing jurisdiction for their claim in federal court. They contend that they are entitled to bring suit once 180 days have elapsed since the filing of their initial administrative complaint with their employer. The plain language of the statute supports them.

42 U.S.C. § 2000e–16, the general prohibition against discrimination by federal employers, describes the procedure for bringing a civil action alleging discrimination:

> Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, ... or *after one hundred and eighty days from the filing of the initial charge with the department,* agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, *if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action* as provided in section 2000e–5 of this title....

42 U.S.C. § 2000e–16(c) (1989) (emphasis supplied).

More than 180 days had passed since the plaintiffs filed their administrative complaint in early 1982. As we have recently explained, section 2000e–16 clearly provides a right to bring suit after 180 days. "Essentially, the 180–day provision allows the claimant to appeal to the district court if there has not been final agency action on his claim after six months from filing the claim with the agency." *Gomez v. Dept. of the Air Force,* 869 F.2d 852, 857 n. 13 (5th

Cir.1989) (construing virtually identical provision of Civil Service Act to be a "poorly worded and truncated version" of 42 U.S.C. § 2000e–16(c)). *See also Porter v. Adams,* 639 F.2d 273, 275–76 (5th Cir.1981) ("[a] complainant may bring a civil action under the section only after final administrative action has been taken *or after certain statutorily defined periods have elapsed "*) (emphasis added); *Waiters v. Parsons,* 729 F.2d 233, 237 (3d Cir.1984) ("[a]t the end of the 180 day period the employee is entitled to sue, regardless of the pendency of EEOC proceedings").

The air force correctly contends, however, that the plaintiffs must have first properly exhausted their administrative remedies before they may bring suit in federal court. *Brown v. General Services Administration,* 425 U.S. 820, 833, 96 S.Ct. 1961, 1968, 48 L.Ed.2d 402 (1976) ("careful blend of administrative and judicial enforcement powers" in this section of Title VII makes resort to the administrative remedies a precondition to filing suit in federal court). We have held that, notwithstanding the passage of 180 days, plaintiffs who resort to the administrative process but do not cooperate in the proceedings can thereby fail to exhaust their administrative remedies. *Johnson v. Bergland,* 614 F.2d 415, 418 (5th Cir.1980) (plaintiff's administrative complaint "described general situations that could have occurred at any time; ... [and] did not set out any specific incidents or dates of discrimination"). Of course, uncooperative plaintiffs can fail to exhaust their administrative remedies by simply not participating in the administrative proceedings. *See Woodard v. Lehman,* 717 F.2d 909 (4th Cir.1983) (failure to identify specific incident of discrimination within limitations period); *Edwards v. Dept. of the Army,* 708 F.2d 1344 (8th Cir.1983) (failure to specify particular acts of discrimination); *Jordan v. United States,* 522 F.2d 1128 (8th Cir.1975) (failure to cooperate with administrative proceeding plaintiff deemed futile).

Given the voluminous administrative record before us, the air force's argument that we must dismiss for failure to exhaust administrative remedies hinges on this premise: a plaintiff fails to properly exhaust his administrative remedies, even though the administrative phase has persisted long beyond 180 days, when he abandons an ongoing administrative process without provocation from the defendant and solely because he concludes that he can get a better deal in federal court. The "better deal" here, according to the air force, is the chance to represent a larger class than that allowed in the administrative proceedings. The plaintiffs had an opportunity, after the final EEOC decision on class size, to challenge the class definition in federal court but chose not to do so. By bringing suit now, the air force complains, the plaintiffs derail the administrative process and so fail to properly exhaust their administrative remedies.

We cannot accept the air force's premise. Where, as here, a case languishes in the administrative phase for long beyond 180 days, indeed without activity for over 180 days, we cannot say that abandoning the administrative process constitutes such a lack of cooperation as to bar suit by reason of failure to exhaust administrative remedies. The test for cooperation in the administrative process is a commonsense one, geared to the functional demands of dispute resolution.

[T]he purpose of exhaustion is to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer. *Good faith effort by the employee to cooperate with the agency and EEOC and to provide all relevant, available information is all that exhaustion requires.*

*Wade v. Secretary of the Army,* 796 F.2d 1369, 1377 (11th Cir.1986) (relying on *Johnson v. Bergland, supra*) (emphasis supplied).

The administrative record discloses no evidence that the plaintiffs have failed to cooperate or otherwise attempted to frustrate the administrative process. This case was mired in administrative discovery. Although much of the time spent in the administrative process involved discovery sought by the plaintiffs, the record before

us reveals no discovery taken by *either side* during the last six months of the administrative process. The record reveals no refusal by the plaintiffs to provide information requested by the air force. Because the government has demonstrated no failure to cooperate on the part of the plaintiffs, and points only to the plaintiffs' exercise of their right to seek judicial relief after the lapse of 180 days as an indication of uncooperativeness, we conclude that there has been no failure to exhaust administrative remedies.

### B.

■ Manuel Munoz offers three alternative bases for reversal of the district court's conclusion that his complaint was not timely. He argues first that his complaint was timely, second that the air force has waived its opportunity to argue that his claim is time-barred, and finally that even if his complaint was untimely he is entitled to tolling and equitable estoppel. We need not consider each of these arguments because we find that the air force has waived its right to claim that Manuel Munoz's action is time-barred by proceeding with the administrative phase of this complaint for four years without any objection.

■ We first note that it is Manuel Munoz's administrative complaint that was allegedly filed late, not his civil complaint. Civil actions under 42 U.S.C. § 2000e–16 are actions against the United States, and as such are brought under a statutory waiver of sovereign immunity. Because such waivers are construed narrowly, this court has held that the limitations period for the filing of a civil complaint under this provision of Title VII is jurisdictional. *See Eastland v. Tennessee Valley Authority,* 553 F.2d 364, 365 (5th Cir.), *cert. denied,* 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977); followed in *Bell v. Veterans Administration Hospital,* 826 F.2d 357, 360–61 (5th Cir.1987); *Hernandez v. Aldridge,* 866 F.2d 800, 802 (5th Cir.1989). Because timely filing of a complaint in district court is jurisdictional, it is not subject to waiver, estoppel or equitable tolling. *Id.* Never-

theless, "[w]e have held that the time limits in Title VII for giving notice or filing an administrative complaint are subject to equitable tolling." *Oaxaca v. Roscoe,* 641 F.2d 386, 391 (5th Cir.1981).

The Munozes' district court complaint stated that "[o]n or about March 1, 1982, plaintiff Manuel Munoz, Jr. was denied a promotion to the position of GS–1152–12 supervisory production controller ... [and o]n or about May 28, 1982, plaintiffs timely filed complaints of discrimination." Under the applicable regulations, Manuel's administrative complaint had to be filed within 90 days of the matter giving rise to it. 29 C.F.R. § 1613.602. Both parties dispute when the 90 day period began and ended.

The question of timeliness was thoroughly reviewed at the administrative stage by the EEOC complaints examiner. Both Manuel Munoz's and Jesus Munoz's administrative complaints, which allege the same specific instances of discrimination that their district court complaints allege, were found to be timely. When the plaintiffs appealed the EEOC examiner's determination of the class to the EEOC review board, the air force even supported the timeliness of the plaintiffs' administrative complaint. It contended that the Munozes, rather than the other two original plaintiffs, were proper class agents.

This court has developed a rather extensive jurisprudence addressing the effect that a government agency's processing of an administrative complaint has on its ability to later challenge the timeliness of the administrative complaint in a civil action. In *Huntley v. Dept. of HEW,* 550 F.2d 290, 295 (5th Cir.1977), we held "that once the agency accepted a complaint and acts on it, the time limit mentioned in the regulations is not mandatory." Although in *Oaxaca v. Roscoe,* 641 F.2d 386, 390 (5th Cir.1981) we rejected the contention that "by merely accepting and investigating a tardy complaint, [an agency] automatically waives its objection to the complainant's failure to comply with the prescribed time delays," in the case before us the air force has done a good deal more than simply accept and investigate this complaint. The air force

made a specific finding of timeliness in this case when its own base EEO counselor reviewed the administrative complaint:

> Complainant/Agent Manuel Munoz alleged his most recent nonselection occurred 1 Mar 1982. Since this incident occurred after 27 Feb 1982, it was within 90 days of contact with counselor and therefore timely presented. Mr. Jesus Munoz stated that his most recent nonselection occurred 1 Apr 1982, within the requisite 90 days preceding contact with counselor and therefore also timely filed.

 If an agency makes a specific finding during the administrative process that the administrative complaint was timely, it cannot later defend against a civil complaint by arguing that the administrative complaint was untimely. *See Henderson v. United States Veterans Admin.*, 790 F.2d 436, 440–41 (5th Cir.1986). Not only did the air force make such a finding at the initial stage, but on appeal to the EEOC the air force contended in its brief that the Munozes were proper plaintiffs. After having examined the complaint and found it timely, argued on appeal that it was indeed timely and engaged in extensive discovery premised on the complaint's timeliness, we find that the air force is bound by its previous acceptance of the timeliness of the complaint and cannot now raise the timeliness issue.

### C.

 The district court dismissed Manuel Munoz's individual complaint because it also found that complaint barred by *res judicata*, based on the dismissal of two prior complaints he had filed on his own behalf. Although both sides agree that the parties to these actions were Manuel Munoz and the air force, and that there was a final judgment on the merits rendered by a court of competent jurisdiction in these cases, they disagree on whether those cases involved the same cause of action as this case. *See Nilsen v. City of Moss Point*, 701 F.2d 556 (5th Cir.1983) (en banc). Although Munoz did allege a pattern or practice of systematic discrimination against him and other Hispanics on the

part of the air force in his previous suits, those individual complaints underlying his attacks on systematic discrimination were based on earlier incidents of alleged discrimination. Manuel Munoz's individual claims in this case cannot be barred by his prior litigation of individual claims based on earlier, different alleged instances of discrimination. Moreover, the orders in those cases dismissed only his individual claims without reaching the merits of his class-based allegations. The dismissal of the complaint in this case on *res judicata* grounds was thus erroneous and must be reversed.

### III

The dismissal of the class complaint based on exhaustion is reversed. The dismissal of Manuel Munoz's individual claim based on untimeliness and *res judicata* is also reversed. In this ruling we have not addressed the merits of the purported class definition or the qualifications of these representatives. These questions may now be addressed by the district court. The case is herewith remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.