**Kenneth E. FRANCIS, Plaintiff–Appellant,**

v.

**Ronald H. BROWN, Secretary U.S. Department of Commerce, Defendant–Appellee.**

No. 94–11146
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 17, 1995.

---

Kenneth E. Francis, Dallas, TX, pro se.

Jon L. Gant, Asst. U.S. Atty., Paul E. Coggins, U.S. Atty., Joe C. Lockhart, Asst. U.S. Atty., Dallas, TX, for appellee.

Before DUHÉ, WIENER and STEWART, Circuit Judges.

DUHÉ, Circuit Judge:

Kenneth E. Francis appeals the district court's grant of summary judgment in favor Defendant Ronald H. Brown, Secretary of the U.S. Department of Commerce. Francis, a federal employee, alleged discrimination against his supervisors and the Department of Commerce under Title VII of the 1964 Civil Rights Act. The district court granted summary judgment because Francis failed to accept the agency's settlement offer of full relief during the administrative process. We affirm.

## BACKGROUND

Francis asked his supervisor, Melda Cabrera, if he could have three hours of leave to donate blood. Cabrera denied the request, but told Francis that he could take a reasonable amount of time to participate in the blood drive. Francis agreed. That afternoon, however, Francis left work at 2:00 p.m. and did not return. Two of his fellow employees left the office about the same time to participate in the blood drive, but they returned to the office later that afternoon. As a result, Cabrera charged Francis with seventy-five minutes of absence without leave.

Francis filed a discrimination complaint with his agency alleging that Cabrera's action amounted to intentional discrimination. In support, Francis cited a provision in his agency personnel handbook that allowed him up to four hours of leave to donate blood. To settle his complaint, the agency offered Francis compensation for his lost wages, withdrawal of the absence without leave charge against him, and removal from his personnel file all references to the incident. Francis rejected the agency's offer without giving any reason. The agency then dismissed his complaint, and Francis filed suit in federal district court.

## DISCUSSION

We review a district court's grant of summary judgment de novo. *Weyant v. Acceptance Ins. Co.*, 917 F.2d 209, 212 (5th Cir.1990). The district court held that an employee fails to exhaust his administrative remedies when he rejects a settlement offer constituting full relief for the claims he asserts. The court then granted summary judgment to the agency because its settlement offer constituted full relief for Francis's discrimination claim.

A federal employee must exhaust his administrative remedies against his federal employer before bringing suit under Title VII in federal court. *Brown v. General Servs. Admin.*, 425 U.S. 820, 832–33, 96 S.Ct. 1961, 1967–68, 48 L.Ed.2d 402 (1976). To satisfy the exhaustion requirement, the employee must cooperate in good faith with the agency and the Equal Employment Opportunity Commission in the administrative proceedings. *Munoz v. Aldridge*, 894 F.2d 1489, 1493 (5th Cir.1990).

■ The Second Circuit has applied the good faith requirement to dismiss a federal employee's claim under the Age Discrimination in Employment Act when the employee rejected his agency's settlement offer during the administrative proceedings. *Wrenn v. Secretary, Dep't of Veterans Affairs,* 918 F.2d 1073, 1078 (2d Cir.1990), *cert. denied,* 499 U.S. 977, 111 S.Ct. 1625, 113 L.Ed.2d 721 (1991). The Second Circuit reasoned:

> The purpose of the good faith participation requirement is to give the administrative process an opportunity to work and to enhance the chances of an administrative resolution. It follows that a claimant who is offered full relief in the administrative process must either accept the relief offered or abandon the claim.

*Id.; see also Frye v. Aspin,* 997 F.2d 426, 428 (8th Cir.1993) (applying *Wrenn* to dismiss a federal employee's claim under the Rehabilitation Act). The Second Circuit's reasoning is persuasive. Therefore, we hold that a federal employee fails to exhaust his administrative remedies when he rejects a settlement offer for full relief on the specific claims he asserts.

■ The district court held that the agency's settlement offer constituted full relief for Francis's claim. We agree. The agency's offer would have compensated Francis fully for receiving absence without leave.[1] Francis is not entitled to relief outside the scope of his claim nor is he entitled to punitive damages. "[L]itigation is not a sport in which the hunter may release a trapped quarry for the thrill of further chase." *Wrenn,* 918 F.2d at 1078–79. Because the agency's settlement offer constituted full relief, we conclude that Francis failed to exhaust his administrative remedies. The district court properly granted summary judgment for the agency.

AFFIRMED.

---

1. The district court's de novo review of whether the offer constituted full relief satisfies the requirement that an employment discrimination plaintiff receive a de novo adjudication in district court. *See Wrenn,* 918 F.2d at 1079 n. 3.