IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-50429
Summary Calendar

---

NOAH JACKSON, JR.,

       Plaintiff-Appellant,

versus

ANTHONY PRINCIPI, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS,

       Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CA-313

---

October 17, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Noah Jackson appeals from the grant of summary judgment in favor of the Secretary on his Title VII claims for reverse sex discrimination in the Secretary's failure to promote, and subsequent demotion of, Jackson. We review a grant of summary judgment de novo, applying the same standard as the district

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court.[1]  We may affirm a summary judgment on any ground raised by the movant below and supported by the record, even if it is not the ground relied on by the district court.[2]  In the instant case, Jackson has failed to produce evidence to establish a genuine issue of material fact as to the Secretary's discriminatory motive in Jackson's nonselection and reclassification in support of his failure to promote and demotion claims.

We assume without deciding that Jackson's claim for failure to promote is not barred as untimely.[3]  Here, even if the claim was timely and Jackson made out a prima facie case of discrimination, Jackson has produced no substantial evidence to support his contention that the Secretary's legitimate nondiscriminatory justification for his decision to promote Bernette Barksdale and not Jackson was a pretext for sex discrimination, *i.e.*, that the true reason behind the Secretary's decision to promote Bernette Barksdale was because Barksdale is a woman and Jackson is a man.[4]

---

[1]  *Holtzclaw v. DSC Communications Corp.*, 255 F.3d 254, 257 (5th Cir. 2001).

[2]  *Id.* at 257-58.

[3]  *Compare Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404-05 (5th Cir. 1995); *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992); *Oaxaca v. Roscoe*, 641 F.2d 386, 389-90 (5th Cir. Unit A Apr. 1981), *with*, *Munoz v. Aldridge*, 894 F.2d 1489, 1494-95 (5th Cir. 1990); *Henderson v. United States Veterans Admin.*, 790 F.2d 436, 440-41 (5th Cir. 1986).

[4]  *See Evans v. City of Houston*, 246 F.3d 344, 350-51 (5th Cir. 2001).

The district court correctly found that the Secretary offered a legitimate, nondiscriminatory reason for the decision, and Jackson offers only speculation that this legitimate, nondiscriminatory reason proffered by the Secretary was false and that intentional discrimination based on Jackson's sex was behind the selection.[5] Contrary to Jackson's claim, there is evidence in the record that the Human Resources Department determined Barksdale was qualified for the position. Moreover, Jackson failed to put forward substantial evidence that he was objectively more qualified than Barksdale for the position.[6] Although Jackson, as the nonmovant, is entitled to have reasonable inferences drawn in his favor, those inferences must be based on more than mere speculation or conjecture.[7] The inferences that Jackson urges in support of his failure to promote claim are not, and so summary judgment was appropriate in favor of the Secretary.[8]

We need not address whether the district court erred in finding that Jackson did not make out a prima facie case in support of his Title VII demotion claim, because Jackson has produced no

[5] *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 405-06 (5th Cir. 1999).

[6] *See Celestine v. Petroleos de Venezuella SA*, No. 00-30171, 2001 WL 1090522, at *10 (5th Cir. Sept. 18, 2001).

[7] *See Ass'n of Cmty. Orgs. for Reform Now v. Fowler*, 178 F.3d 350, 362 (5th Cir. 1999).

[8] *See Pratt v. City of Houston*, 247 F.3d 601, 606-07 (5th Cir. 2001).

substantial evidence to support his contention that the Secretary's admittedly legitimate nondiscriminatory justification for his reclassification was a pretext for sex discrimination.[9] He again offers only his own speculation and unsupported allegations of sex discrimination in his nonselection in 1995 as evidence that his reclassification was the product of sex discrimination. Such speculation will not preserve his demotion claim on summary judgment.

AFFIRMED.

---

[9] *See Evans*, 246 F.3d at 350-51.