REVISED MARCH 24, 2003

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 02-50765
Summary Calendar

_____

ALBERT C. MARTINEZ,

Plaintiff-Appellant,

versus

DEPARTMENT OF THE U.S. ARMY; THOMAS E WHITE, Secretary of the U.S. Army

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Western District of Texas

_____

January 22, 2003

Before HIGGINBOTHAM , SMITH, and CLEMENT, Circuit Judges.

CLEMENT, Circuit Judge:

A federal employee filed two formal complaints for Title VII violations with the Department of the U.S. Army, the agency that employs him. The agency investigated the claims jointly. The agency issued a report of the investigation more than 180 days after employee's first complaint, but

1

within 180 days of employee's second complaint.  Employee timely requested a hearing at the Equal

Employment Opportunity Commission (EEOC).  Before the Administrative Law Judge held a

hearing, employee withdrew his request for an EEOC hearing and subsequently filed suit in federal

court.  The district court granted agency's motion to dismiss, on the basis that employee had failed

to exhaust administrative remedies.  Because 42 U.S.C. § 2000e-16(c) allows federal employees to

file suit in federal court if an agency has not taken final action within 180 days and because

withdrawing a request for an EEOC hearing was not a failure to cooperate with the administrative

process, we reverse dismissal of employee's lawsuit and remand.

I.      FACTS AND PROCEEDINGS

On October 11, 2000, Albert C. Martinez (Martinez) filed a formal complaint for

discrimination based on race and sex regarding his non-selection for promotion with the Department

of the United States Army (the Army).  On January 9, 2001, Martinez filed a second formal complaint

alleging harassment based on reprisal for filing his first complaint.  April 9, 2001 marked the 180th

day after filing the first complaint.  July 8, 2001 marked the 180th day after filing the second

complaint.  The Army issued a report of its investigations into both of Martinez' complaints on June

19, 2001, after the first complaint's 180-day deadline expired but before the second complaint's 180-

day deadline expired.  The Army did not otherwise enter a final decision. Under the applicable

regulations, Martinez was given thirty days to choose between requesting a hearing by an

administrative law judge (ALJ) at the EEOC and requesting an immediate final agency decision

(FAD) from the agency.  Martinez requested a hearing before an ALJ.  On September 26, 2001,

before the ALJ could hear his complaint, Martinez withdrew his request.  In October, Martinez filed

a complaint in federal district court.  The district court dismissed Martinez' claim without prejudice,

holding Martinez had failed to exhaust his administrative remedies.

## II.    STANDARD OF REVIEW

This Court reviews dismissals for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1) based on questions of law *de novo*.  *See Randel v. United States Dept. of the Navy*, 157 F.3d 392, 395 (5th Cir. 1998).

## III.    ANALYSIS

At issue is the statutory construction of the provision of Title VII that permits federal employees to seek relief for Title VII violations.  The section at issue provides, in part:

> Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit . . ., or *after one hundred and eighty days from the filing of the initial charge* with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, *an employee or applicant for employment, if aggrieved* by the final disposition of his complaint, or *by the failure to take final action on his complaint, may file a civil action* as provided in section 2000e-5 of this title, in which civil action the head of the department . . . shall be named.

Section 717(c) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c) (1994) (emphasis added).

Martinez asserts all prerequisites to filing suit were met: Martinez informally sought relief from the Army, he filed formal complaints of discrimination with the Army, he cooperated with the Army's administrative process, and the Army did not take final action on his complaint within 180 days.  Martinez argues the plain language of the statute grants him the right to file suit.

This Court adopted the statutory construction Martinez urges in *Munoz v. Aldridge*, 894 F.2d 1489 (5th Cir. 1990).  "[Plaintiffs] contend that they are entitled to bring suit once 180 days have elapsed since the filing of their initial administrative complaint with their employer.  The plain

3

language of the statute supports them." 894 F.2d at 1492. *Munoz* finds support in a Third Circuit case which stated: "'[a]t the end of the 180 day period the employee is entitled to sue, regardless of the pendency of EEOC proceedings.'" *Id.* at 1493 (quoting *Waiters v. Parsons*, 729 F.2d 233, 237 (3d. Cir. 1984)).

The Army responds that if a plaintiff can "jump ship" 180 days into the elaborate hearing process established through regulation, *see* 29 CFR 1614.101 - .607 (2002), then the administrative process would be for naught. The Army argues this Court's decision in *Tolbert v. United States*, 916 F.2d 245 (5th Cir. 1990) decides this case. Tolbert filed a complaint with the Equal Employment Opportunity (EEO) office within the U.S. Postal Service alleging Title VII violations. The Postal Service rejected her complaint. She had the choice of appealing the decision to the EEOC Office of Review and Appeals (ORA) or filing in federal district court. Tolbert appealed to the ORA. Ten days later, before Tolbert received a decision from the ORA, Tolbert filed a complaint in federal district court. This Court wrote: "plaintiffs in Title VII actions who seek EEOC review of the decision of whatever initial agency denied their claim must complete the course of review by the EEOC before filing a civil action." 916 F.2d at 248.

*Tolbert* does not support the Army's position. *Tolbert*'s decision is based on the statutory language in § 2000e-16(c), which implicitly stipulates the 180 day no-federal-filing period starts over when a petitioner appeals a FAD to the EEOC: an employee or applicant for employment may file a complaint in federal court only "*after one hundred and eighty days from the filing* of the initial charge with the department, agency, or unit or *with the Equal Employment Opportunity Commission on appeal* from a *decision or order* of such department, agency, or unit . . . ." 42 U.S.C. § 2000e-16(c) (1994) (emphasis added). In support of this statutory interpretation, *Tolbert* cites the holding

4

in *White v. Frank*, 718 F.Supp. 592, 595 (W.D.Tex. 1989): "*White*, then, plainly stands for the proposition that a Title VII plaintiff who appeals to the EEOC Office of Review and Appeals must await a decision by that office, or 180 days, whichever comes first, before filing in federal court." 916 F.2d at 249. As a corollary, it should be noted that Martinez' request for an EEOC hearing is not an "appeal," and the army's report of its investigations is not a "decision or order," for purposes of § 2000e-16(c).

Both *Munoz* and *Tolbert* rely on *Brown v. General Services Administration*, 425 U.S. 820 (1976), for the proposition that a plaintiff must exhaust administrative remedies before filing a complaint in federal district court. *See Munoz*, 894 F.2d at 1493; *Tolbert*, 916 F.2d 247-78. On its face, *Brown* supports *Munoz'* construction of the plain language of § 2000e-16(c): "In any event, the complainant may file a civil action if, after 180 days from the filing of the charge or the appeal, the agency or Civil Service Commission has not taken final action." 425 U.S. at 832.

*Munoz* notes, however, that the statute's 180-day rule does not create an absolute right. "We have held that, notwithstanding the passage of 180 days, plaintiffs who resort to the administrative process but do not cooperate in the proceedings can thereby fail to exhaust their administrative remedies." But *Munoz* holds that abandoning an administrative process does not constitute non-cooperation. "Where, as here, a case languishes in the administrative phase for long beyond 180 days, . . . we cannot say that abandoning the administrative process constitutes such a lack of cooperation as to bar suit by reason of failure to exhaust administrative remedies." 894 F.2d at 1493.

The Army also cites *Munoz* for the proposition that: "[t]he test for cooperation in the administrative process is a commonsense one, geared to the functional demands of dispute resolution." 894 F.2d at 1493. The Army omits the next sentence, which sets forth the test for

5

whether cooperation satisfies the exhaustion requirement:

> The purpose of exhaustion is to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer. *Good faith effort by the employee to cooperate with the agency and EEOC and to provide all relevant, available information is all that exhaustion requires.*

*Id.* (emphasis in original, citations omitted); *accord Randel*, 157 F.3d at 397 ("Some cases suggest . . . that we should look to whether the claimant made a good faith effort to cooperate with the administrative agency."). The Army does not allege Martinez failed to cooperate with its investigation in good faith, nor that Martinez strategically used the 30 days in which he could elect either a FAD or an EEOC hearing in order to allow 180 days to pass from the filing of his second complaint.

IV.   CONCLUSION

Because 42 U.S.C. § 2000e-16(c) gives a federal employee the right to sue in federal district court if an agency fails to take final action on his or her Title VII complaint within 180 days, and because Martinez' withdrawal of his request for an EEOC hearing is not un-cooperative for purposes of the failure-to-exhaust inquiry, we REVERSE the dismissal of Martinez' lawsuit and REMAND.

REVERSED and REMANDED.