# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2007

Charles R. Fulbruge III
Clerk

No. 06-41400
Summary Calendar

MARILYN MERRIMAN

Plaintiff-Appellant

v.

JOHN E POTTER, Postmaster General

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas, Texarkana
USDC No. 5:05-CV-80

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Marilyn Merriman ("Merriman"), proceeding pro se, appeals the district court's entry of final judgment following a jury verdict awarding no damages in her Title VII sex discrimination case against her former employer, the United States Postal Service ("Postal Service"). Merriman also challenges the district court's earlier grant of summary judgment on her claim for additional back pay. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.  FACTUAL AND PROCEDURAL HISTORY

A.    Factual Background

Beginning in August 1998, Merriman worked as a part-time flexible mail handler at the Texarkana Main Post Office.  She worked her last shift on August 23, 2000.  The following day, Merriman learned of the death of her son and took medical leave.  Later, Merriman refused to return to work on the basis of her sexual harassment claims.  Eventually, she was placed on leave without pay ("LWOP") status and was officially terminated on November 1, 2002.

In her original complaint, Merriman alleged that, during her two years of active employment, she was subjected to numerous incidents of sex and age discrimination and harassment by her male co-workers.  She claimed numerous incidents of gender discrimination and retaliation, including that her male co-workers made lewd comments, slashed her car tires, and vandalized her workplace locker.

Merriman first made contact with an Equal Employment Opportunity ("EEO") counselor on May 26, 2000, and on July 25, 2000, she filed a formal discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging a hostile work environment created by multiple incidents of sex and age discrimination and retaliation by her co-workers Greg Tyler ("Tyler"), Hubert Anderson ("Anderson"), and Eric Larkin ("Larkin"). Pursuant to the EEOC's forty-five-day limitations period, Merriman's claim covered only an April 13, 2000 incident involving Tyler.  In this incident, Tyler allegedly made lewd and discriminatory comments during an argument at work in which both Merriman and Tyler were screaming.  When Merriman's supervisor, Georgia Hobson ("Hobson"), learned of this incident, she called a meeting of all the employees under her supervision to denounce such behavior, and she informed Texarkana Postmaster Craig Herring ("Herring") of the incident.  Merriman

reported no other problems with co-workers occurring after the April 13, 2000 incident.

B.    Procedural History

On March 20, 2003, after a hearing, an EEOC administrative judge ("AJ") found in Merriman's favor on her hostile work environment claim, concluding that Merriman had been harassed by Tyler and that the Postal Service failed to take immediate and effective action.  The AJ awarded $15,000 in compensatory damages, back pay with seniority and benefits from the date of her release, and attorneys' fees of $2,000.  The AJ also ordered the Postal Service to reinstate Merriman and offer her a position in a different facility in the area.  In compliance with this ruling, the Postal Service paid a total of nearly $43,000 to Merriman ($15,000 in compensatory damages, $25,000 in back pay (pre-tax), $843.73 in interest, and $2,000 for attorneys' fees), reinstated her employment, and offered her a position in another facility.  Merriman accepted the payments but declined the job offer.

Merriman then appealed the AJ's decision, claiming that her compensatory damages were not limited to the $15,000 paid by the Postal Service and that she should be entitled to additional back pay.  She also alleged that submitting the back pay forms the Postal Service requested would have waived some of her rights.  The EEOC upheld the $15,000 compensatory damages award and ruled that Merriman was required to submit back pay worksheets in order to receive any additional back pay.  The EEOC remanded the case to give Merriman time to complete the back pay worksheets.  Merriman never filed the worksheets.  On November 23, 2004, she filed the present action in the United States District Court for the Western District of Texas, Austin Division.  The case was transferred, on the Postal Service's unopposed motion for venue change, to the Eastern District of Texas, Texarkana Division.

Merriman brought suit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16 ("Title VII"), claiming that the multiple episodes of sexual harassment resulted in a hostile work environment and constructive discharge by the Postal Service. The complaint generally alleged sexual harassment and discrimination throughout her employment, but only specifically alleged harassment, discrimination, and retaliation involving Tyler.

The Postal Service moved for dismissal of the constructive discharge claim for lack of subject matter jurisdiction and moved for summary judgment on Merriman's other claims. On April 28, 2006, the district court denied the Postal Service's motion to dismiss. The court also denied the Postal Service's summary judgment motion on all of Merriman's remaining claims except her claim for additional back pay damages. The court ruled that Merriman's failure to submit the back pay worksheets during the EEOC proceedings was a failure to exhaust administrative remedies, thus depriving her of the right to appeal under Title VII. The court also ruled that the forty-five-day limitations period barred Merriman from raising claims arising from incidents that occurred before the April 13, 2000 incident.

The hostile work environment and constructive discharge claims were tried before a jury on August 30 and 31, 2006. The jury found that Merriman had been subjected to sexual harassment and that her supervisors knew or should have been aware of the conduct. The jury concluded, however, that the Postal Service did not fail to take prompt remedial action in response to Merriman's complaints. The court thus entered judgment in favor of the Postal Service. Merriman did not move for a directed verdict prior to submission of the case. She also did not file a motion for judgment notwithstanding the verdict or a motion for a new trial. This appeal was docketed on September 20, 2006. We have jurisdiction under 28 U.S.C. § 1291, because this is an appeal from a final judgment of the district court.

## II. STANDARD OF REVIEW

### A. Summary Judgment

We review a district court's order granting summary judgment de novo. Morris v. Equifax Info. Servs., L.L.C., 457 F.3d 460, 464 (5th Cir. 2006). Summary judgment is appropriate when, after considering the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Bulko v. Morgan Stanley DW, Inc., 450 F.3d 622, 624 (5th Cir. 2006). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In considering a summary judgment motion, all facts and evidence must be taken in the light most favorable to the non-moving party. United Fire & Cas. Co. v. Hixson Bros., Inc., 453 F.3d 283, 285 (5th Cir. 2006).

### B. Jury Verdict

To preserve review of a jury verdict based on sufficiency of the evidence, a party must move for judgment as a matter of law after the close of all evidence. FED. R. CIV. P. 50; United States ex rel. Wallace v. Flintco Inc., 143 F.3d 955, 960 (5th Cir. 1998). This rule is designed to (1) "'enable the trial court to re-examine the sufficiency of the evidence as a matter of law'" after the verdict, and (2) "'alert the opposing party to the insufficiency of his case before being submitted to the jury.'" Flintco, 143 F.3d at 960 (quoting MacArthur v. Univ. of Tex. Health Ctr. at Tyler, 45 F.3d 890, 897 (5th Cir. 1995)). The Fifth Circuit construes this requirement liberally, but we will not excuse a party's complete failure to move for directed verdict before submission of a case to the jury. See Hinojosa v. City

of Terrell, 834 F.2d 1223, 1228 (5th Cir. 1988).[1]  Therefore, we review only whether "there was any evidence to support the jury's verdict, irrespective of its sufficiency, or whether plain error was committed which, if not noticed, would result in manifest miscarriage of justice." Id. (quoting Stewart v. Thigpen, 730 F.2d 1002, 1007 (5th Cir. 1984)).  Appellate relief is limited to ordering a new trial.  Id.

### III.  DISCUSSION

### A.    Summary Judgment on Back Pay Claim

The district court granted partial summary judgment for the Postal Service, ruling that Merriman's failure to complete the back pay worksheets was a failure to exhaust administrative remedies.  On appeal, Merriman argues that the Postal Service refused to send her the correct documents for payment of additional back pay.  As a remedy, she requests additional back pay with interest.

Although Merriman did question the appropriateness of the back pay forms during her administrative appeals, she did not offer any excuse in her district court pleadings for failing to file the back pay forms.  The only excuse she gives first appears in her appellate briefs—and we do not consider material that was not before the district court.  See Kemlon Prods. & Dev. Co. v. United States, 646 F.2d 223, 224 (5th Cir. 1981).

Under Title VII, a federal employee is required to exhaust administrative remedies against an employer before bringing suit in federal court.  Francis v. Brown, 58 F.3d 191, 192 (5th Cir. 1995) (citing Brown v. Gen. Servs. Admin., 425 U.S. 820, 832-33 (1976)).  "To satisfy the exhaustion requirement, the employee must cooperate in good faith with the agency and the Equal Employment

---

[1] Although Merriman pursues this appeal pro se, she was represented by counsel during the district court proceedings.

Opportunity Commission in the administrative proceedings." Id. (citing Munoz v. Aldridge, 894 F.2d 1489, 1493 (5th Cir. 1990)).

Though the exact definition of "good-faith participation" is unclear, the EEOC held in its appeal decision that "good faith requires complainant to complete back pay worksheets to the best of her ability in order to assist the agency in accurately calculating the back pay due complainant." The EEOC remanded this issue to allow Merriman "one more opportunity" to comply with the good faith requirement.

In its summary judgment order, the district court concluded that Merriman had not complied with the good faith requirement. We agree. Merriman did not address the matter in her responsive briefing on the summary judgment motion and offered the district court no reasonable excuse for failing to cooperate with the administrative process. Indeed, Merriman's original complaint mentions back pay only in its prayer for relief. Even viewing the evidence in the light most favorable to Merriman, there simply was no evidence before the district court that she complied or attempted to comply with the administrative proceedings. Therefore, summary judgment was appropriate.

B.    Limitation of the Case to One Incident

Merriman implicitly challenges the district court's April 28, 2006 order limiting her claim to the single incident occurring on April 13, 2000. In her appellate brief, she makes a variety of claims, referring to "several incidents of violent behavior" and alleging that the harassment continued for a period of two years.

As a general rule, EEO regulations require an employee to report discriminatory incidents within forty-five days. 29 C.F.R. § 1614.105(a)(1); Henrickson v. Potter, 327 F.3d 444, 447 (5th Cir. 2003) (affirming summary judgment in favor of Postal Service where plaintiff failed to contact an EEO counselor within forty-five days of the alleged discriminatory conduct).

Merriman argued that her prior claims should be covered under the "continuing violation" exception to the forty-five-day limitation. Abrams v. Baylor College of Med., 805 F.2d 528, 532 (5th Cir. 1986) (recognizing an exception to the limitation period "[w]here the unlawful employment practice manifests itself over time, rather than as a series of discrete acts"). The district court correctly rejected this argument.

Under the continuing violation exception, a plaintiff must prove that a "'persisting and continuing system of discriminatory practices' produces 'effects that may not manifest themselves as individually discriminatory except in cumulation over a period of time,' and that one of the acts falls within the [] limitations period." Davis v. Metwest, Inc., No. CIV.A. 3:97-CV-2831D, 1999 WL 102814, at *2 (N.D. Tex. Feb. 24, 1999) (quoting Messer v. Meno, 130 F.3d 130, 135 (5th Cir. 1997)). By contrast, the offenses against Merriman, as the district court described them, were "discrete and in some instances blatant." The acts committed against Merriman thus did not require accumulation for their discriminatory character to be apparent. Her continuing violation argument is also weakened by her claim that she made multiple prior complaints to Postal Service supervisors about the alleged harassment. Allowing Merriman to assert individual claims older than forty-five days would defeat any effect of the limitations period. See Abrams, 805 F.2d at 533 ("This theory of continuing violation has to be guardedly employed because within it are the seeds of the destruction of statutes of limitation in Title VII cases."). Therefore, the district court was correct in limiting Merriman's claim.

C.    Jury Verdict on Sexual Harassment Claim

Finally, Merriman challenges the final judgment that the district court entered on the jury verdict. Throughout her brief, she makes a variety of claims questioning the sufficiency of the evidence underlying the jury verdict. Merriman claims that the Postal Service failed to "take prompt or appropriate

immediate action to ensure the safety and welfare of its female employee" and that her supervisor, Hobson, "failed to act to prevent or discontinue any similar gestures or remarks."

Because Merriman failed to move for a directed verdict or judgment notwithstanding the verdict, the verdict is reviewed under an "any evidence" standard. Hinojosa, 834 F.2d at 1228. The record easily meets this standard. For example, the jury could have credited Hobson's own testimony, in which she testified about a meeting she held immediately following Merriman's report of the April 13, 2000 incident. At that meeting, Hobson told all the facility's mail handlers that "this type of behavior would not be tolerated." The jury could have found this to be sufficient evidence of the Postal Service adequately responding to Merriman's complaints.

The Postal Service objects to this claim on the basis that Merriman failed to comply with the requirement that a sufficiency of the evidence claim must include in the record "all evidence relevant." See FED. R. APP. P. 10(b)(2). Regardless of whether Merriman complied with this rule, the evidence she did offer in her record excerpts easily satisfies the "any evidence" standard of review.

D.    Sufficiency of Appellant's Brief

The Postal Service argues that the court should dismiss Merriman's appeal for failing to specifically brief points of error or provide citations to the record or relevant legal authority. We must construe Merriman's pro se complaint liberally, and we should be mindful that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam) (internal quotation marks omitted). However, even a pro se appellant must brief the reasons for the requested relief, including "citation to the authorities, statutes and parts of the record relied on." FED. R. APP. P. 28(a)(4); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). When an appellant

does not argue that the district court erred in any way, the court may dismiss the appeal for failure to comply with Rule 28. See, e.g., Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995) (dismissing an appeal in which the "appellate brief does little more than restate the relevant factual events leading to his original complaint"). Issues not properly briefed under Rule 28 are deemed abandoned, and this court "will not raise and discuss legal issues that [the appellant] has failed to assert." Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

On occasion, this court has accepted appeals despite technical deficiencies in pro se briefs as long as the appellant alleged at least some error on the part of the district court. See, e.g., United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1995) (considering appellant's claims despite his failure to cite relevant portions of the record); Abdul-Alim Amin v. Universal Life Ins. Co., 706 F.2d 638, 640 n.1 (5th Cir. 1983) (considering a brief because it contained an assertion of trial court error). We generally only accept a noncompliant brief if it does not prejudice the opposing party. Grant, 59 F.3d at 525. Prejudice exists when an appellant's brief's deficiencies force the appellee to "speculate as to the relevant issues" on appeal. Id. ("[Appellant's] failure to articulate any appellate argument therefore deprived the [appellee] of [its] opportunity to address fully all the issues and prejudiced [its] ability to prepare and present arguments to this Court"). Prejudice does not exist, however, when the disputed issues are obvious and the opposing party has the opportunity to address all relevant issues in the case. Price v. Digital Equip. Corp., 846 F.2d 1026, 1028 (5th Cir. 1988) (allowing a technically noncompliant pro se appeal to go forward when there was only one issue on appeal); see also Fed. Sav. & Loan Ins. Co. v. Haralson, 813 F.2d 370, 373 n.3 (11th Cir. 1987) (allowing a pro se appellant to proceed where the opponent could not claim that "it was not aware of the issues in this appeal or that it was hampered in its ability to respond").

Merriman's brief states a series of factual allegations, some not previously briefed, and recounts in detail the history of the administrative proceedings and federal court litigation in this case. Although her brief fails to identify any specific error committed by the district court or any legal basis for reversal of its summary judgment order or the jury verdict, it is apparent which issues she is challenging. In its brief, the Postal Service surmised that the following issues were central to Merriman's appeal: (1) whether the district court properly granted summary judgment on Merriman's back pay claim; (2) whether limitation of the suit to cover only the April 13, 2000 incident was proper; and (3) whether the jury verdict was adequately supported by the evidence. It is a close question as to whether Merriman adequately briefed any of these points on appeal. Because, however, each argument is easily dispatched on other grounds, we need not decide whether the brief's technical shortcomings might prejudice the Postal Service.

## IV. CONCLUSION

For the reasons given above, we AFFIRM the district court's summary judgment order and AFFIRM the district court's entry of final judgment on the jury verdict.

AFFIRMED.