# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 9, 2011

No. 11-10236
Summary Calendar

Lyle W. Cayce
Clerk

DEREK WILLIAM THOMAS,

Plaintiff-Appellant

v.

JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-265

Before DAVIS, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this Title VII employment discrimination action, Derek Thomas appeals the grant of summary judgment in favor of Janet Napolitano, the Secretary of the Department of Homeland Security (DHS). We reverse and remand.

Thomas is employed as a Federal Air Marshal in the Dallas Field Office of the Transportation Safety Administration (TSA), a part of the DHS. He filed the instant lawsuit, alleging that, when he was diagnosed as a Type I

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(insulin-dependent) diabetic, he was denied flight status and light duty and thus required to expend all of his sick leave and annual leave or be forced to retire. He alleged that this constituted discrimination based on disability and on gender, because some women air marshals were given light duty. He also alleged that the DHS retaliated against him for complaining about the discrimination. The district court granted summary judgment based on Thomas's failure to properly exhaust administrative remedies.

We review summary judgment de novo, applying the same standard as the district court. *Jefferson Block 24 Oil & Gas, L.L.C. v. Aspen Ins. UK Ltd.*, 652 F.3d 584, 588 (5th Cir. 2011). Summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by" citing to the record or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Rule 56(c)(1). "A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Jefferson Block*, 652 F.3d at 588 (internal quotation marks and citation omitted). "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence." *Id.* (internal quotation marks and citation omitted). Where "the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party" summary judgment can be defeated. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1265 (5th Cir.1991). "Therefore, the court must be vigilant to draw *every* reasonable inference from the evidence in the record in a light most flattering to the nonmoving party." *Id.* at 1266; *see Citigroup Inc. v. Federal Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011) (noting that the reviewing court must "construe all

facts and inferences in the light most favorable to the nonmoving party"). Summary judgment is generally disfavored on issues of a party's state of mind, such as good faith. *See International Shortstop*, 939 F.2d at 1265-66 & n.8.

We also review de novo the district court's conclusion concerning exhaustion. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). A federal employee must exhaust his administrative remedies against his employer before suing under Title VII. *Francis v. Brown*, 58 F.3d 191, 192 (5th Cir. 1995). Administrative remedies are exhausted when the federal agency gives notice of its final action, or when 180 days have passed since the initial formal charge was filed with the agency. 42 U.S.C. § 2000e-16(c); *Martinez v. Department of U.S. Army*, 317 F.3d 511, 513 (5th Cir. 2003); *Munoz v. Aldridge*, 894 F.2d 1489, 1493-94 (5th Cir. 1990).

The "180-day rule does not create an absolute right" to sue. *Martinez*, 317 F.3d at 512. "'[N]otwithstanding the passage of 180 days, plaintiffs who resort to the administrative process but do not cooperate in the proceedings can thereby fail to exhaust their administrative remedies.'" *Martinez*, 317 F.3d at 512 (quoting *Munoz*, 894 F.2d at 1493). Nonetheless, all that is required of the employee is a good-faith effort "to cooperate with the agency and the EEOC and to provide all relevant, available information." *Munoz*, 894 F.2d at 1493 (internal quotation marks, emphasis, and citation omitted). "The test for cooperation in the administrative process is a common sense one, geared to the functional demands of dispute resolution, and merely abandoning an administrative process does not constitute noncooperation." *Martinez*, 317 F.3d at 513 (internal quotation marks and citation omitted).

Thomas was in compliance with the 180-day rule when he withdrew from the administrative proceeding. The only issue for summary judgment was whether he made a good-faith effort to cooperate with the agency and to provide all relevant information. *See Munoz*, 894 F.2d at 1493.

There is no precise definition of good-faith participation, but our decisions suggest that a finding of a lack of good requires some sort of obstruction by the plaintiff or a specific and affirmative refusal to cooperate. For example, in *Barnes v. Levitt*, 118 F.3d 404, 409 (5th Cir. 1997), the plaintiff "repeatedly refused to answer questions, provide details, make a statement, give a deposition or even sign her complaint" thus depriving the EEOC of "the information it needed to pursue and resolve" her dispute. There were also "inconsistencies between her formal and informal complaints." *Id.* In *Francis v. Brown*, 58 F.3d 191, 193 (5th Cir. 1995), the plaintiff was held not to have cooperated by refusing a settlement that provided full relief. In *Merriman v. Potter*, 251 F. App'x 960, 964 (5th Cir. 2007), the plaintiff refused to provide requested back-pay forms that were necessary to quantify her claim. Further, in *Boswell v. Department of Treasury, Office of Comptroller of Currency*, 979 F.Supp. 458, 462-64 (N.D. Tex. 1997), a decision cited by the DHS in the district court, the plaintiff refused to comply with discovery requests and defied an order to present documents for in camera inspection. By contrast, in *Munoz*, there was no lack of good faith where the plaintiffs "spent far longer in the administrative phase than the 180 days required by the statute," and where the administrative record did not show "that the lack of progress in the administrative proceedings was . . . attributable to [the plaintiffs]." *Munoz*, 894 F.2d at 1492.

The district court found that Thomas had not cooperated in good faith based solely the fact that his withdrawal occurred about a week after the DHS sought his deposition and informed him that he would bear the cost of deposing a TSA witness. The district court accepted the DHS's assertion that Thomas withdrew "*apparently* to extricate himself from discovery." (Emphasis added.) Yet the court rejected as conclusory Thomas's assertion that the record showed he "acted in good faith at all times and did not fail to cooperate" and that "he did everything he reasonably could do" as a pro se claimant.

The DHS's only evidence of bad faith was Thomas's decision to take the case to federal court after his deposition was noticed and he was informed, to his evident surprise, that he would have to pay the costs of deposing a TSA witness. While the timing of the withdrawal might imply a desire to avoid administrative discovery, the district court improperly made this critical inference in favor of the DHS as the moving party rather than in favor of Thomas as the nonmovant. *See International Shortstop*, 939 F.2d at 1266 (noting that "*every* reasonable inference" must be made in favor of the nonmoving party). Other reasonable inferences were possible, including that the timing of the withdrawal was a mere coincidence having nothing to do with avoiding discovery. Indeed, nothing suggests that administrative discovery was anticipated to be especially onerous or contentious, where the DHS evidently had not filed any interrogatories but had merely noticed Thomas's deposition. Further, Thomas does not appear to have benefitted greatly from "avoiding" his deposition where he also gave up his opportunity depose a TSA witness. Moreover, filing a federal lawsuit is hardly an effective ploy to avoid discovery, given the breadth of federal discovery practice. *Cf.* FED. R. CIV. P. 26 (general discovery provisions).

Even if the court's inference in favor of the DHS were correct, avoiding administrative discovery is not itself a sign of bad faith. We first note as a general matter, that administrative discovery is "avoided" by coincidence in every case where a plaintiff withdraws under the 180-day rule, unless discovery has already been completed or none is expected. Moreover, *Munoz* shows that ongoing discovery at the time of withdrawal does not establish a lack of cooperation. *See Munoz*, 894 F.2d at 1493 (indicating that the administrative proceeding was "mired" in discovery although there had been no action for 180 days). *Munoz* also rejected the contention that bad faith is shown by merely hoping for "a better deal" in federal court. *Id.* at 1493.

In addition, the DHS failed to show that Thomas ever withheld or failed to provide any specific information or type of information so as to deprive the

EEOC of what it needed to resolve his claims. Rather, the record shows that Thomas set forth ample facts and information concerning his contentions and that the DHS was well able to acknowledge and summarize those contentions. The record also shows that Thomas consulted the administrative law judge before making his decision.

The chronological evidence provided by the DHS as to Thomas's state of mind is "sheer" and wholly dependent upon an improper inference in favor of the DHS rather than Thomas. *See International Shortstop*, 939 F.2d at 1265. The DHS's contention is therefore reduced in essence to an assertion that withdrawal is per se an act of bad faith because it might have the coincidental effect of curtailing administrative discovery. We rejected a similar a premise in *Munoz*. *See Munoz*, 894 F.2d at 1493; *see also Martinez*, 317 F.3d at 513-14.

In addition, Thomas's assertions in opposing summary judgment, which the district court rejected as conclusory, were assertions about his own state of mind. State of mind, including good faith, is factual issue, difficult to resolve without testimony, and this case demonstrates why summary judgment is disfavored for state-of-mind questions. *See International Shortstop*, 939 F.2d at 1266.

The DHS failed to carry either its legal or factual burden of showing that it was entitled to judgment as a matter of law because there was no genuine dispute as to Thomas's lack of good-faith cooperation. *See Martinez*, 317 F.3d at 513-14; *Munoz*, 894 F.2d at 1493; *see also International Shortstop*, 939 F.2d at 1265-66. Accordingly, the grant of summary judgment is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.